UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY E. ESTEBAN-ESCALANTE,

Petitioner,

v.

WARDEN MESA VERDE ICE PROCESS CTR, et al.,

Respondents.

No.  1:26-cv-0096-DC-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Henry E. Esteban-Escalante, though counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition, respondent's answer, and petitioner's reply are before the court. (ECF Nos. 1, 8, 2) For the reasons set forth below, the undersigned will recommend the petition be granted.

**I.      Background**

The petition contains very few factual allegations but petitioner asserts he has been detained by Immigrations and Customs Enforcement ("ICE") since November 18, 2025, when he was detained at a regular check-in, "pre-decision from Immigration Court." (ECF No. 1 at 2.) He asserts his detention violates his Fifth Amendment right to due process of law because respondent did not afford an opportunity for an individualized bond hearing and is instead unlawfully adhering to the 07/08/25 Interim Guidance Regarding Detention Authority for Applicants for Admission and Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025). (ECF No. 2 at 6.)

1

Petitioner asserts he has the right to an individualized bond hearing. (Id.) He asks the court to declare his continued detention unconstitutional and order his immediate release, or in the alternative, order respondents to immediately grant him a bond hearing at which the government bears the burden of establishing flight risk and/or danger to the community.[1] (Id. at 7.)

In their opposition, respondents contend Mr. Esteban-Escalante is an "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2). (ECF No. 8 at 1.) And further, respondents argue,

> Petitioner's prior release in the discretion of DHS does not have the effect of having converted Petitioner's presence in the United States into an "admission." "[A]n alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'" Jennings v. Rodriguez, 583 U.S. 281, 279 (2018). As an applicant for admission, Petitioner is subject to mandatory detention and thus ineligible for a bond hearing. Petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953). Accordingly, this Court should deny the petition for a writ of habeas corpus.

(Id. at 1-2.)

## II.    Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been

/////

---

[1] Petitioner argues that Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) entitles petitioner to a bond hearing. Because the court finds a violation of petitioner's Fifth Amendment rights, the court need not address this.

strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

### III.    Discussion

The I-213 form attached to respondent's response (ECF No. 8-1) indicates Mr. Esteban-Escalante is a citizen of Guatemala who applied for entry into the United States from Mexico at the San Ysidro Port of Entry on June 5, 2024, as an applicant of the CBP One program. (Id. at 3.) He arrived for his scheduled appointment date, made an asylum request, was served with an I-862 "Notice to Appear" and was "released into the United States pending, 240 (Removal Proceedings) hearing before an Immigration Judge." (Id.)

No party has advised the court as to any subsequent events relevant to petitioner's removal proceedings. There is no evidence before the court that petitioner violated any condition of his release or has any criminal record. Although Mr. Esteban-Escalante was deemed inadmissible and subject to removal when he was processed at the border, no party asserts he was ever, or is currently, subject to an order of removal from the United States. Based on the record before the court, at no subsequent time did any immigration judge determine he should be detained pending the resolution of his removal proceedings or a decision on his application for asylum. Publicly available information under petitioner's A Number 244-567-207 indicates his case is "pending" with a hearing set on March 11, 2026. See https://acis.eoir.justice.gov/en/caseInformation (last visited February 5, 2026).

To the extent respondents substantively address petitioner's due process argument, they assert generally he is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) of the INA and therefore categorically ineligible for a bond hearing. (ECF No. 8 at 1.) They state he does not possess a right to freedom from immigration detention in any form other than that provided by Congress. (Id. at 2.)

Courts nationwide, including this one, have overwhelmingly rejected respondents' legal position that § 1225(b) is the applicable detention authority for all "applicants for admission." Herna v. Chesnut, No. 1:25-CV-01919-JLT-SAB (HC), 2026 WL 177801, at *3 (E.D. Cal. Jan. 22, 2026) (collecting cases). Respondents' theory of Mr. Esteban-Escalante's status, i.e., that he is

3

subject to mandatory detention under § 1225, does not comport with the procedural history of his release into the United States in June 2024, which continued for more than a year until November 18, 2025, when he was detained at a regular check-in, "pre-decision from Immigration Court." (ECF No. 1 at 2.)

Moreover, although respondents take the position that petitioner's constitutional rights go no further than the procedures authorized by the immigration detention scheme that authorizes his detention, the undersigned finds his Fifth Amendment due process rights to liberty from unjustified detention are well established. "Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments." Plyler v. Doe, 457 U.S. 202, 210 (1982). Due process protection applies to aliens who have "passed through our gates." Shaughnessy v. U.S., 345 U.S. 206, 212 (1953). "[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the ... conditions [of release]." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting Morrissey v. Brewer, 408 U.S. 471, 482 (1972)) (modifications in original).

Mr. Esteban-Escalante's release implied a promise that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his parole or release. See Morrissey 408 U.S. at 481. There is no evidence before the court that he violated any condition of his release. Petitioner has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings. See e.g., Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for a length of time strengthened petitioner's liberty interest); B.D.S. v. Warden of Mesa Verde Detention Facility, No. 1:25-cv-02032-TLN-CSK, 2026 WL 82344 (Jan. 12, 2026) (emphasizing that 8 U.S.C. § 1225(b)(1) mandatory detention provision does not apply to situation where petitioner was paroled into the U.S. and remained on parole until being redetained).

/////

Having found a protected liberty interest, the remaining question is what process is due. Under the procedural due process test announced in Mathews v. Eldridge, 424 U.S. 319 (1976), the court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976).

The first factor favors Mr. Esteban-Escalante because an individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011). Second, the risk of erroneous deprivation is great given the record indicates petitioner has not received any hearing, whether pre- or post-detention. Without any procedural safeguards to determine whether his detention was justifiable, the probable value of additional procedural safeguards is high. Khatir v. Chestnut, No. 1:26-CV-00094-TLN-SCR, 2026 WL 206084, at *3 (E.D. Cal. Jan. 27, 2026). Finally, in contrast, the government's interest is low, and the effort and cost required to provide petitioner procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Where removal is not imminent under a final order of removal as in this case, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). For all these reasons, the undersigned finds that petitioner's Fifth Amendment right to due process was violated and he is entitled to relief under the Mathews factors.

**IV.    Recommendation**

In accordance with the above, IT IS RECOMMENDED as follows:

1.   Petitioner's application for a writ of habeas corpus be granted.

2.   Respondents be ordered to RELEASE PETITIONER IMMEDIATELY and respondents and the Immigration and Customs Enforcement Agency be enjoined and

restrained from re-detaining petitioner unless petitioner is provided with (1) written notice before a pre-deprivation bond hearing and (2) it is demonstrated, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 6, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8/1 este0096.mer

6