UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY E. ESTEBAN-ESCALANTE,

Petitioner,

v.

WARDEN, MESA VERDE ICE
PROCESSING CENTER, et al.,

Respondents.

No.  1:26-cv-0096 DC CKD (HC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS

(Doc. Nos. 2, 10)

Petitioner has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 2.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 6, 2026, the magistrate judge filed findings and recommendations, which were served on all parties and contained notice to that any objections to the findings and recommendations were to be filed within seven days.  (Doc. No. 10.)  On February 9, 2026, Respondents filed objections to the findings and recommendations.  (Doc. No. 11.)

In their objections, Respondents merely reiterate the arguments they advanced in opposition to the petition and that this court has already rejected.  (*Id.*)  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8

1

U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed on February 6, 2026 (Doc. No. 10), are ADOPTED;

2.  Respondents are ordered to release Petitioner immediately, and Respondents and the Immigration and Customs Enforcement Agency are enjoined and restrained from re-detaining Petitioner unless Petitioner is provided with (1) written notice before a pre-deprivation bond hearing and (2) it is demonstrated, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified; and

/////

/////

/////

/////

3.  This Clerk of the Court is directed to enter judgment for Petitioner and close this case.


IT IS SO ORDERED.

Dated:   **February 11, 2026**

Dena Coggins
United States District Judge

3